## STATE OF MISSOURI, Respondent, v. ERNEST KEITHLEY, Appellant.*

In the Springfield Court of Appeals, December 16, 1924.

1. **CRIMINAL LAW: Information: Motion in Arrest: Challenge of Information by Motion in Arrest Raises Only Question of Whether Information Charges Any Offense.** Challenge of sufficiency of information by motion in arrest of judgment raises but one question, whether the information charges any offense under the law.

2. **INTOXICATING LIQUORS: Information Held not to Charge Offense.** Information charging accused with having possession of an oil tank and four mash barrels, used as an apparatus for making intoxicating liquors, *held* not to charge an offense, under section 6588, Revised Statutes 1919, as amended by Laws 1921, pp. 413, 414, notwithstanding such articles may have been used for the purpose alleged, since the articles named in the information are not those mentioned in the statute.

3. ——: **Evidence Held Insufficient to Show Possession of Prohibited Articles Used in Manufacturing Liquor.** Evidence which showed that four barrels and an oil tank were found on the accused's premises but were not connected by any pipe or worm, without which the articles found could not be used for the manufacture of whisky, *held* insufficient to sustain conviction, under section 6588, Revised Statutes 1919, as amended by Laws 1921, pp. 413, 414.

*Headnotes 1. Criminal Law, 16 C. J., p. 1264, Section 2817 (Anno); 2. Intoxicating Liquors, 33 C. J., p. 729, Section 451; 3. Intoxicating Liquors, 33 C. J., p. 753, Section 502.

Appeal from the Circuit Court of Taney County.—*Hon. Fred Stewart,* Judge.

REVERSED.

Neither appellant nor respondent represented by counsel.

COX, P. J.—The prosecuting attorney of Taney county filed an information in which he attempted to charge the defendant with violating section 6588, Revised Statutes 1919, as amended by the Legislature in 1921. [See Laws 1921, pages 413-414.] The defendant was convicted and has appealed.

The transcript of the record, including bill of exceptions, has been filed in this court but no briefs have been filed by either the defendant or the State. There are two reasons why this conviction cannot stand. The information in this case, in the charging part, uses the following language: "One Ernest Keithley did then and there unlawfully possess an apparatus used for making intoxicating liquor, to-wit, an oil tank and four mash barrels without then and there having any legal authority to possess the same and the same was prohibited by law." The sufficiency of this information is challenged by motion in arrest of judgment. That raises but one question and that is whether the information charges any offense under the law. Our conclusion is that it does not. The information does not follow the language of the statute. It does not, in terms, charge the defendant with unlawfully having in his possession any of the articles described in the section of the statute under which the information is drawn. If it be true that the oil tank and mash barrels mentioned in the information were used in the manufacture of intoxicating liquors, still, their possession would not be a violation of the law, for they are not the articles prohibited in the section of the statute referred to.

There might be some question whether the term "four mash barrels" might not be construed as meaning four mash tubs, the language used in the statute, but since the proof in this case shows that the barrels were ordinary barrels, we are, in passing upon the sufficiency

of the information, assuming that what the prosecutor meant to charge was that the defendant had in his possession four ordinary barrels which were used for the confining of mash therein. Assuming that that is what the prosecutor meant, then the most that can be made of this information is that it charges defendant with having in his possession an oil tank and four ordinary barrels which were used as an apparatus for making intoxicating liquors. Although these articles may have been used for that purpose, yet their mere possession is not a violation of the law. [State v. Hyde, 248 S. W. 920.]

If the information were sufficient in this case, there is one other reason why this conviction cannot stand. The sheriff of the county, who was the chief witness for the State, served a search warrant in this case and found an iron tank and four barrels in which mash had been recently kept but on cross-examination he testified as follows:

"Q. I will ask you, Mr. Boles, if the apparatus you found there and barrels and the tank and the barrels at the house could be used for an apparatus with which whiskey could be made? A. Yes, sir, with a worm they could.

"Q. Without a worm? A. No, sir, not without a worm.

"Q. Did you find anything there that would connect up the boiler with the barrels while you were there? A. No, sir.

"Q. You have to have some connecting pipes—you would have to have that as well as the worm? A. Yes, sir."

If we were to concede the information as being sufficient, yet the evidence shows that the articles found there could not be used to make whiskey without the addition of a worm and connecting pipe and there was no evidence in this case that any worm or any pipe to connect the tank with the barrels were found in the possession of

the defendant and for that reason there was an entire failure of proof.

The judgment will be reversed. *Farrington* and *Bradley, JJ.*, concur.